UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID W. BOONE and KATHLEEN E. BRODERICK,

    Plaintiffs,

v.    Case No: 2:16-cv-646-FtM-99CM

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint and to Strike Jury Trial Demand (Doc. #11) filed on September 19, 2016. Plaintiffs have not filed a response and the time to do so has expired. For the reasons set forth below, the Court will grant the Motion to Dismiss and allow Plaintiffs the opportunity to file a second amended complaint.

## BACKGROUND

Plaintiffs filed their initial Complaint (Doc. #2) in the Twentieth Judicial Circuit, in and for Lee County Florida on June 20, 2016, against Defendants Life Insurance Company of North America (LINA) and Cigna Health and Life Insurance Company for breach of contract for failure to provide death benefits pursuant to an insurance policy.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

On August 22, 2016, LINA[2] filed a Notice of Removal (Doc. #1), removing this action on the basis of federal question jurisdiction because the insurance policy at issue is an "employee welfare plan" as that term is defined in Section 3(1) of the Employee Retirement Security Act of 1974 (ERISA). Plaintiff filed an Amended Complaint, with Defendant's consent, on August 30, 2016. (Doc. #5, Doc. #6). LINA now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. *Christopher v Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L Ed 2d 929 (2007) (aboragating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. *Bell Atlantic,* 550 U.S. 544, 561-63.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* at 555; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152

---

[2] At the time of removal, Cigna Health and Life Insurance Company was a Defendant and joined in the removal. *See* Doc. #3. Since that time, Plaintiff has amended their Complaint, dropping Cigna as a Defendant. (Doc. #6).

L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Sinaltrainal v. Coca-Cola Co.*, 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing *Ascroft v. Iqbal*, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. *Sinaltrainal*, 578 F. 3d at 1268 (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. *Sinaltrainal*, 578 F. 3d at 1268 (citing *Iqbal*, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Simplexgrinnell, L.P. v. Ghiran*, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Brown v. Crawford County, Georgia*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## **DISCUSSION**

Accepting as true the allegations in Plaintiff's Amended Complaint, Plaintiff alleges that on or about January 2013, Jennifer Michelle Boone submitted an application for insurance with LINA to apply for a group accident insurance policy, paying the premium at that time. (Doc. #6 at ¶¶ 11-12). Thereafter, LINA issued a group accident insurance policy to Jennifer Michelle Boone with an effective date of January 1, 2013 (the Policy).[3] (Doc. #6 at ¶ 13).

---

[3] Although Plaintiffs reference the Policy and state that it is attached as "Exhibit A" to the Amended Complaint (Doc. #6 at ¶ 13), no such document is attached. The docket entry does reference back to Plaintiff's initial Complaint (Doc. #2), which did attach a copy of the Policy. The Court directs Plaintiff to attach the relevant documents to the separate docket entry in any future amendments.

Jennifer Michelle Boone died on November 12, 2014. (*Id.* at ¶ 15). The Policy designated Plaintiffs, David W. Boone and Kathleen E. Broderick (Jennifer's parents) as beneficiaries. (*Id.* at ¶ 16). Plaintiffs, as beneficiaries, thereafter submitted a claim for benefits under the Policy. (*Id.* at ¶ 17). Plaintiffs allege that they have completed all of the conditions precedent to receiving payment under the Policy. (*Id.*) Defendant denied Plaintiffs' claim for benefits. (*Id.* at ¶ 18). Plaintiffs allege Defendant is in breach for the failure to pay benefits under the Policy.

Defendant LINA moves to dismiss the Amended Complaint and to strike Plaintiffs' demand for a jury trial on the following grounds: (1) Plaintiffs' Amended Complaint only alleges state law claims which are preempted by ERISA; (2) to the extent Plaintiffs' Amended Complaint may be construed as a claim for benefits under 29 U.S.C. § 502(a)(1)(B), it fails to state a claim upon which relief may be granted because it does not allege exhaustion of administrative remedies; and (3) because any claim for benefits under 29 U.S.C. § 502(a)(1)(B) is equitable in nature, Plaintiffs are not entitled to trial by jury.

ERISA is a comprehensive statute that subjects employee benefit plans to federal regulation. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Section 514(a) of ERISA, the preemption clause, provides that ERISA "supersede [s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). The Supreme Court has noted that the preemption clause "is conspicuous for its breadth," *FMC Corp. v. Holliday*, 498 U.S. 52, ---, 111 S.Ct. 403, 407, 112 L.Ed.2d 356

(1990), and has instructed that the clause should be "expansively applied." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, ---, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990).

In the Amended Complaint, Plaintiffs allege that LINA breached its contract by failing to pay benefits as required by the terms of the Policy. Here, although the Amended Complaint does not reference ERISA, but the Policy is both referenced and incorporated, which states that it was "issued in conjunction with an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA")." (Doc. #2-1 at p. 32). In deciding a Rule 12(b)(6) motion, the Court may consider documents central to or referenced in the complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Plaintiffs do not dispute that the Policy is an ERISA-covered plan, nor do they dispute that the Amended Complaint is based on state laws that "relate to" an ERISA plan and, hence, fall within ERISA's preemption clause.

The Eleventh Circuit has held that "there can be no dispute that the common law causes of action asserted by the plaintiffs - bad faith refusal to pay, fraud and breach of contract - 'relate to' an employee benefit plan and therefore fall within ERISA's express preemption clause." *Amos v. Blue Cross-Blue Shield of Ala.*, 868 F.2d 430, 431 (11th Cir. 1989); *see also First Nat'l Life Ins. Co. v. Sunshine-Jr. Food Stores, Inc.*, 960 F.2d 1546, 1549-50 (11th Cir. 1992) (ERISA preempts claim alleging "mishandling of benefits payments and failure to adhere to terms of [a] group policy"). "We have consistently held that ERISA preempts state law breach of contract claims." *Swerhun v. Guardian Life Ins. Co. of America*, 979 F.2d 195, 198 (11th Cir. 1992) (citing *First Nat'l Life Ins. Co.*, 960 F.2d at 1550; *Williams v. Wright*, 927 F.2d 1540, 1550 (11th Cir.1991); *Amos*, 868 F.2d at 431; *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1499 (11th Cir. 1986). Because

ERISA governs the Policy, the statute's civil enforcement scheme provides the exclusive remedy. See *Anderson v. UnumProvident Corp.*, 369 F.3d 1257, 1268-69 (11th Cir. 2004). Thus, the Court finds that the Policy is an ERISA-covered plan and that Plaintiffs' breach of contract claim is preempted by ERISA and therefore subject to dismissal. The Court will afford Plaintiffs the opportunity to amend to allege an ERISA action to recover plan benefits.

Because the Court has determined that the Amended Complaint is subject to dismissal, the Court need not reach the issue of whether Plaintiffs have failed to exhaust their administrative remedies, although the Court agrees that a participant bringing a claim for benefits under ERISA must exhaust all administrative remedies before proceeding to federal court. See *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000). Plaintiffs may allege as much in their second amended complaint.

Finally, Defendant moves to strike Plaintiffs' jury demand, arguing that a plaintiff seeking benefits pursuant to an ERISA-governed plan is not entitled to a trial by jury. Again, because the Court has determined that the Amended Complaint is subject to dismissal, the Court need not reach the issue of whether Plaintiffs' jury demand must be stricken from the Amended Complaint, although the Court agrees that plaintiffs bringing ERISA claims are generally not entitled to jury trials. See *Rolland v. Textron, Inc.*, 300 F. App'x 635, 636 (11th Cir. 2008).

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint and to Strike Jury Trial Demand (Doc. #11) is **GRANTED** and Plaintiff's Amended Complaint (Doc. #6) is dismissed without prejudice.

(2) Plaintiff may file a Second Amended Complaint on or before **October 27, 2016**, to which Defendant may file an answer or other response in accordance with Rule 15 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of October, 2016.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record